# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARK ANTHONY WILLIAMS ) | |
| ) | |
| v. ) | 3-08-CV-1035-D |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice ) | |
| Correctional Institutions Division ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Williams appeared before a state magistrate in Dallas County on May 21, 2004, and remained in custody prior to being tried for the offense of assault causing bodily injury on May 23, 2006, pursuant to the indictment returned in No. F-05-00561-SN.[1] The jury found

---

[1] It appears that Petitioner was previously indicted for the same primary offense but without prior convictions alleged for enhancement of punishment in No. F-03-14148. *See* WR-69,141-01, denied on January 30, 2008, at 042-043.

him guilty of the assault charge, found that he had been convicted of both offenses alleged for enhancement of punishment and assessed punishment at a term of 50 years imprisonment. Williams appealed his conviction and sentence and on March 28, 2007, the Fifth Court of Appeals at Dallas affirmed the trial court's judgment. He in turn filed a motion for an extension of time to file a petition for discretionary review which was denied on May 25, 2007.

Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, in the trial court on November 9, 2007. The Texas Court of Criminal Appeals denied the application on April 23, 2008. His § 2254 petition was filed in this court on June 12, 2008, the date on which it was placed in the prison mailing system. In response to the petition and this court's show cause order Respondent filed his answer together with copies of the records in No. F-05-00561-SN and a copy of Petitioner's art. 11.07 application. Williams filed his reply on October 22, 2008.

**Findings and Conclusions**: In his first ground for relief Williams claims that he was denied the right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. In addressing this issue, first raised in his art. 11.07 application, the state district court found that such a claim was not cognizable as a basis for habeas corpus relief, citing the Court of Criminal Appeals' opinion in *Ex Parte Owenby,* 749 S.W.2d 880, 881 (Tex.Crim.App. 1988). *See* WR-69,141-01 at 073-074 at ¶ 1.

As a general rule, a post-conviction writ of habeas corpus in Texas is reserved for those instances in which there was a fundamental defect in the trial which renders the judgment void or for denials of fundamental or constitutional rights. *State ex rel. Holmes v. Third Court of Appeals,* 885 S.W.2d 389, 397 (Tex.Crim.App. 1994) and *Ex Parte Sadberry,* 864 S.W.2d 541, 542

2

(Tex.Crim.App. 1993). In *Owenby, supra,* the court held that: "[S]uch a claim is not cognizable in a post conviction application for writ of habeas corpus. A violation of the Speedy Trial Act is a non-jurisdictional defect." *See also Ex Parte Drake,* 883 S.W.2d 213, 215 (Tex.Crim.App. 1994). As with sufficiency of the evidence issues, in Texas speedy trial issues must be raised on direct appeal rather than in collateral proceedings. *See Clark v. State of Texas,* 788 F.2d 309, 310 (5th Cir. 1986). Because Williams did not assert a speedy trial violation in his direct appeal, and the Court of Criminal Appeals applied a procedural bar to considering it in his habeas corpus application, this court is barred from considering his first ground for relief on the merits absent a showing of cause and actual prejudice. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572 (1982).

In his second ground for relief he claims that his trial attorney rendered ineffective assistance of counsel. Among the specific omissions attributed to Paul Blocker is his failure to have filed a motion for a speedy trial. The attorney's conduct is analyzed under the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, a petitioner must show that the attorney's performance fell below the prevailing objective, professional standards required of an attorney by the Sixth Amendment, to wit: "cause." *Id.* at 688. Second, the habeas applicant must prove that as a result of counsel's unprofessional errors, there exists a reasonable probability that the result of the proceeding would have been different, to wit: "prejudice." *Id.* at 694. A failure to establish either prong of the two-part test forecloses relief.

"Prejudice" is a prerequisite element both for overcoming the procedural bar applied to his first ground for relief as well as to establish ineffective assistance of counsel.

From the record provided the exact date on which Paul Blocker was substituted as counsel for Williams cannot be determined. However, it appears that he undertook representation no later

3

than August 29, 2005. *See* WR-69,141-01 at 044.[2] The letter reiterated the plea offer made by the State and advised him of the then scheduled trial date. A second letter related a new trial setting and informed Williams that he was unable to get a reduction of the bond. *Id.* at 048. Conspicuous by its absence is any reference to a demand by Williams for a speedy trial.

A defendant's claim that his right to a speedy trial has been violated is determined under the four factors set out in *Barker v. Wingo,* 407 U.S. 514, 530 (1972). Because a period of two years elapsed between the date of Williams's arrest and his trial, the length of delay requires the court to address the remaining three factors. The reason for the delay, presumably known to Petitioner and his attorney, is not apparent from the record, although it appears that an indictment charging him with assault causing bodily injury, with no enhancement paragraphs has been returned prior to his arrest. *See* n. 1, *supra.* Initially a trial was scheduled for October 12, 2004. *See* n. 2, *supra.* The indictment in F-05-00561-SN was not filed until April 21, 2005. There is no explanation in the record as to why the charge did not proceed to trial on October 12, 2004, or any reason why a new indictment was obtained. Likewise, the record does not indicate why the case did not proceed to trial between May 16, 2005, and May 22, 2006. *See* App. No. 05-06-00797-CR [No. F-05-00561-SN] Record Vol. One at 04 - Trial Docket. If the delay is attributable to the government, this factor should be weighed against the prosecution. However, if the defendant is responsible for the delay, then this factor weighs against him. "Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." *Barker,* 407 U.S. at 531. Petitioner has presented nothing to demonstrate that the otherwise unexplained delays should be weighed against the government and therefore this factor is essentially neutral in determining whether a speedy trial violation occurred.

---

[2]At least one other attorney was court-appointed prior to August 10, 2004. *Id.* at 043.

The next *Barker* factor addresses whether and when a defendant asserted his speedy trial right. In explaining this factor the Court stated that: "The defendant's assertion of his speedy trial right then is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 531-32.

The official record in No. F-05-00561-SN does not contain a motion for speedy trial. *See* App. No. 05-00797-CR, Record Vol. One. As exhibits to his art. 11.07 application, Williams submitted purported copies of an undated motion to dismiss in No. F-03-14148-N and of a letter to the district attorney dated "December 18, 05" with respect to No. F-05-00121-RE *informally* requesting a speedy trial. *See* WR-69,141-01 at 045- 047. The Clerk's Record in Nos. F-03-14148-N and F-05-00121 were not included in Petitioner's state application nor was the Clerk's record in either case produced by Respondent in the present action. Since neither of these copies has a file stamp or receipt stamp affixed neither can be considered as strong evidence that Williams asserted a speedy trial demand in No. F-05-00561-SN.[3] Succinctly stated, even if credence is given to the documents included in the art. 11.07 application, since neither related to the charges in F-05-00561-SN, the evidentiary weight to be given to his "assertion of his right to a speedy trial" is at best quite weak.

The final factor to be considered is prejudice to the defendant. Of the three interests of a

---

[3]Even if the originals of these documents were received and filed, they constitute less than an unambiguous demand for a speedy trial in No. F-05-00561-SN. His *pro se* motion to dismiss No. F0-3-14148-N, filed nine months after his arrest, was submitted *prior* to the superseding indictment returned in No. F0-5-00561-SN and it does not appear that a copy was served on the prosecutor's office. It does not appear that No. F-05-00121 was an active case on December 18, 2005, nearly eight months after the indictment in No. F-05-00561-SN was filed.

defendant relating to this factor, the most serious is the inability of a defendant to prepare for trial. *Barker*, 407 U.S. at 532.[4] Williams specifically claims that his defense was impaired because a favorable witness had left Dallas by the time his case went to trial. *See* petition at page 7.01. In his reply filed on October 22, 2008, Williams identifies this individual as being his aunt, Deanna Oliver. *See* reply at page 5. In neither his art. 11.07 application nor in the present petition did he include the affidavit of Ms. Oliver indicating what her testimony would have been and stating that she would have testified at his trial had she been subpoenaed or requested to do so prior to moving out of state. The absence of such documentation in an effort to demonstrate ineffective assistance of counsel based upon the failure to call a favorable witness is ordinarily fatal to such a claim. However, in the present case it is clear that Ms. Oliver was a witness to the assault and provided a statement to police at the scene which matched the victim's rendition of the facts. *See* No. F0-5-00561-SN, Reporter's Record Vol. 3, Testimony of Officer Jeff Rose at 33-35. Accordingly Williams cannot show that the defense was impaired due to the delay in which his case was brought to trial. Given the fact that Petitioner was not deprived of any favorable evidence due to the passage of time he cannot satisfy the "prejudice" prong of the *Strickland* test, to wit: that *but for* Blocker's failure to file a speedy trial motion the result would have been different, that is, that it would have been judicially determined that his speedy trial right was violated or that he would have been acquitted. Further, because Williams cannot establish that he was denied effective assistance of counsel because his trial attorney did not file a speedy trial motion, he is precluded from showing "cause" for his failure to have raised the issue in his direct appeal and therefore merits review of his first

---

[4]As evidenced by his letter dated March 13, 2006, *See* WR-69,141-01 at 48, Mr. Blocker did attempt to obtain Petitioner's release on bond, albeit unsuccessfully, pending trial.

ground for relief is procedurally barred.

With respect to the remainder of Petitioner's allegations in support of his second ground for relief he has failed to overcome the strong presumption of competence afforded to licensed attorneys. *See Strickland v. Washington,* 466 U.S. at 689 and in the alternative he has failed to establish that the judgment of the Court of Criminal Appeals is infected by the infirmities described in § 2254(d)(1) or as set out in § 2254 (d)(2).[5]

Williams' final ground for relief is wholly conclusory and merely reiterates the allegations asserted in his first two grounds.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 19th day of December, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

---

[5]Respondent argues that the factual grounds in support of his second ground for relief have not been fully exhausted. The court does not address this argument since it is permissible to deny relief even when the claim has not been fully exhausted. *See* § 2254 (b)(2).

conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.